caused. For this violation of the sailing regulations prescribed by the act of congress, and for failing to keep on the eastern side of the channel, as well as for not maintaining a proper lookout, she is chargeable with gross fault, and must be held accountable accordingly.

In behalf of the tug it has been earnestly urged, that as she was pursuing a direct course, leaving ample sea room to the east of her for the Volunteer to perform any evolution, and did all that could be done on her part to avoid collision, she ought not to be subjected to any of its penal consequences. But it is conceded she was derelict in carrying two vertical lights, instead of but one, as the act of congress requires; and, as the learned judge of the district court forcibly said, "we cannot with any safety, speculate upon doubts, whether the absence of one of the lights increased the danger of collision." The presumption is, that it did, because, as the duty is imposed by statute as a suitable security for the safety of vessels, it is not an unreasonable inference that congress intended a disregard of it to be considered as contributing to the injury resulting from collision. Certainly, however, the burden of acquitting himself of all responsible censure is upon the delinquent party. How can we say, under the evidence, that the owners of the tug have discharged themselves from this burden? She was in motion, encumbered with a tow, and was bound to inform all vessels navigating the river of this, by the signal prescribed to indicate it, that they might observe the extraordinary caution to avoid collision which the law exacts of them under such circumstances. That the Volunteer was thrown off her guard and fell into the mistake of supposing the tug to be a vessel at anchor, by her exhibition of a single white light, is not at all improbable; indeed, such is the significance of the proofs. This mistake led to the blameworthy attempt of the Volunteer to pass the tug on the starboard side of her, which was followed by the collision. Participation in the Volunteer's fault is therefore imputable to the tug, and she must share in the loss resulting from it.

A decree will be entered against both respondents for the damages adjudged by the district court, and interest from December 2d, 1868, and full costs; the said damages, interest and costs to be divided equally between them, and with leave to apply to the court if occasion should require, touching the enforcement of the decree.

## Case No. 4,399.

In re ELLIS et al.

[5 Ben. 421.] [1]

District Court, S. D. New York. Dec., 1871.

BLATCHFORD, District Judge. The first question is answered in the negative, and the second question in the affirmative.

## Case No. 4,399a.

In re ELLIS.

[Hempst. 10.] [2]

Superior Court, Territory of Arkansas. Oct., 1821.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Samuel H. Hempstead, Esq.]